IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30178
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CONNIE SCHLEICHER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CR-10012-2
- - - - - - - - - -

March 22, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Connie Schleicher appeals her guilty plea conviction and sentence for criminal contempt. She argues that 1) she was coerced to plead guilty by the Government's and the district court's statement that she could receive life imprisonment for her contempt offense, 2) that contempt under 18 U.S.C. § 401 is punishable by either imprisonment or a fine but not both, and the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erroneously sentenced her to both imprisonment and a fine, and 3) guilty pleas in general are unconstitutional because Article III, § 2 mandates that all criminal convictions must be by a jury trial.  We affirm for the following reasons:

1.   A review of Schleicher's plea hearing does not indicate that she pleaded guilty based upon a threat of life imprisonment. Even if the district court's admonishment was a Rule 11 error, the error was harmless.  United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993).

2.   Even if a § 401 offense may be punished by imprisonment or by a fine, but not both, see United States v. Holmes, 822 F.2d 481, 494-96 (5th Cir. 1987), the sentence was not error. Although the district court did not specify how the sentence of 10 months' imprisonment and a $15,000 fine applied to Schleicher's failure-to-file-a-tax-return offenses and her contempt offense, under the commentary to U.S. Sentencing Guidelines § 5G1.2, both the fine and imprisonment sentence applied to the tax offenses, and the sentence within the statutory maximum of § 401 applied to the contempt offense.  The district court did not impose a sentence prohibited by § 401.

3.   Schleicher's contention that the Constitution requires that all convictions be by trial by jury and does not allow guilty pleas is without merit.  See Patton v. United States, 281 U.S. 276, 298 (1930).

    Accordingly, the judgment of the district court is AFFIRMED.